# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

IN RE:                   )

                            )       Case No. 3:13-bk-08657

MICHAEL ROSS SMITH,       )       Judge Harrison

                            )       Chapter 11

      Debtor.             )

## RESPONSE IN OPPOSITION TO EXTENSION OF AUTOMATIC STAY

Creditors Stephen T. Proctor and Paul Allen respectfully oppose the Debtor's *Expedited Motion to Extend Automatic Stay Provisions of Bankruptcy Code Section 362 Beyond 30 Days* (Docket No. 13) (the "Motion"). The following is offered in support of this response:

1.      On October 2, 2013, the Debtor filed his voluntary Chapter 11 petition to initiate this bankruptcy case.

2.      This bankruptcy case is the Debtor's second bankruptcy case pending during the previous twelve (12) months. The Debtor previously filed a Chapter 7 case on April 10, 2012, Case No. 3:12-bk-03449. During the Debtor's previous Chapter 7, the Office of the United States Trustee filed a motion to prohibit a discharge because the Debtor understated his income, overstated his expenses, and otherwise did not qualify for Chapter 7. A copy of the trustee's motion (less exhibits) is attached hereto as Exhibit A. As a result of the trustee's motion, the Debtor stipulated to a waiver of discharge. The order approving the Debtor's waiver of discharge is attached hereto as Exhibit B. The case was subsequently closed on June 5, 2013 and the Debtor filed this bankruptcy case less than four months later.

3.      As a result of the previous bankruptcy, on October 8, 2013, the Debtor filed the Motion. A hearing on the Motion to Extend Stay is set for October 22, 2013. *See* Docket No. 16. Based on the Debtor's waiver of discharge, the closure of the previous bankruptcy was

tantamount to dismissal. Mr. Proctor and Mr. Allen respectfully assert that the automatic stay therefore does not extend beyond the 30-day period set forth in Section 362(c)(3)(B).

4. The Debtor asserts that this bankruptcy case was filed in good faith and therefore the automatic stay should continue. Mr. Proctor and Mr. Allen disagree. As an initial matter, it is noted that after the Debtor filed the Motion, he filed an *Application for Extension of Time to File Schedules and Statement of Financial Affairs* (Docket No. 20). He requested October 30, 2013 become the new deadline to file his statements and schedules. This deadline was selected to allow the October 22, 2013 hearing on the Motion to occur without the Debtor having to file statements and schedules. This is problematic for two reasons:

- First, the Debtor recently compiled all data that will be contained in his statements and schedules as part of his previous bankruptcy. It is therefore readily available and should have been filed as required by Bankruptcy Rule of Procedure 1007(c).

- Second, to the extent that 362(c)(3) is applicable to this case, then Section 362(c)(3) *presumes* that the current bankruptcy was not filed in good faith. Mr. Proctor and Mr. Allen have intended to heavily rely upon both (i) the statements and schedules filed in the previous bankruptcy, and (ii) the statements and schedules filed in the current bankruptcy. However, filing the statements and schedules on October 30, 2013 prevent Mr. Proctor and Mr. Allen from setting forth their appropriate positions at the October 22 2013 hearing.

5. It must be noted that in March 2013, Mr. Proctor and Mr. Allen filed state court actions against the Debtor alleging fraudulent conveyances (involving both the Debtor's wife and father) and civil conspiracy (involving both the Debtor's wife and father), which are currently pending in Davidson County Circuit Court. Copies of these lawsuits are attached

2

hereto as Exhibit C.  If necessary by separate motion, Mr. Proctor and Mr. Allen will request the Court to grant relief from the automatic stay notwithstanding any order entered in connection with the Motion.  Mr. Proctor and Mr. Allen reserve all rights with respect to the filing of such a motion.

WHEREFORE, Mr. Proctor and Mr. Allen respectfully request the Court to deny the Motion as it relates to Mr. Proctor and Mr. Allen and permit both to pursue the above-referenced pending lawsuits in Davidson County Circuit Court.

Respectfully submitted,


/s/ Griffin S. Dunham
Griffin S. Dunham
EMERGE LAW, PLC
2021 Richard Jones Road, Suite 240
Nashville, Tennessee 37215
615.953.2682
615.953.2955 (fax)
griffin@emergelaw.net
*Counsel for Steve Proctor and Paul Allen*


## CERTIFICATE OF SERVICE

On October 18, 2013, this document was served on all parties consenting to electronic service in this bankruptcy case.


/s/ Griffin S. Dunham
Griffin S. Dunham

3

# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **In re:** ) | **Case No.: 3:12-03449** |
| ) | |
| **MICHAEL ROSS SMITH,** ) | **Chapter 7** |
| ) | |
| **Debtor.** ) | **Judge Keith M. Lundin** |

---

> **THE DEADLINE FOR FILING A TIMELY RESPONSE IS: JULY 12, 2012. IF A RESPONSE IS TIMELY FILED, A PRE-TRIAL CONFERENCE WILL BE HELD AUGUST 8, 2012 AT 1:30 PM, COURTROOM TWO, U.S. CUSTOMS HOUSE, 701 BROADWAY, NASHVILLE, TN 37203**

> **NOTICE OF U.S. TRUSTEE'S MOTION TO DISMISS DEBTOR'S CASE PURSUANT TO 11 U.S.C. § 707(b)(1) OR, IN THE ALTERNATIVE, WITH DEBTOR'S CONSENT, TO CONVERT TO A CASE UNDER CHAPTER 13**

The U. S. Trustee, Region 8, has asked the Court to dismiss the Debtors' case for abuse pursuant to Section 707(b) of the Bankruptcy Code. **YOUR RIGHTS MAY BE AFFECTED.** If you do not want the Court to grant the attached motion, or if you want the Court to consider your views on the motion, then on or before **July 12, 2012**, you or your attorney must:

File with the court your written response or objection explaining your position at:

1.  **Electronically:   https://ecf.tnmb.uscourts.gov (Required for registered Filers and Users who have accepted electronic notice in this case).**
    By Mail:     US Bankruptcy Court, PO Box 24890, Nashville, TN 37202-489090
    In Person:   US Bankruptcy Court, 701 Broadway, 1st Floor, Nashville, TN
                 (Monday - Friday, 8:00 A.M. - 4:00 P.M.)

2.  **Your response must state that the deadline for filing responses is July 12, 2012, the date of the scheduled pre-trial conference will be August 8, 2012 and that the motion to which you are responding is the U.S. Trustee's Motion to Dismiss Pursuant to 11 U.S.C. § 707(b).**  If you want a stamped copy returned, you must include an extra copy and a self-addressed, stamped envelope.

3.  You must mail a copy of your response to:  Lloyd E. Mueller, Trial Attorney for the U.S. Trustee, the Chapter 7 Trustee, the Debtor, and the Debtor's counsel.  If a timely

1

response is filed, the hearing will be held at the time and place indicated above. ***THERE WILL BE NO FURTHER NOTICE OF THE HEARING DATE.*** You may check whether a timely response has been filed by calling the Clerk's office at 615-736-5584 or viewing the case on the Court's web site at www.tnmb.uscourts.gov. If you received this notice by mail, you may have three additional days in which to file a timely response under Rule 9006(f) of the Federal Rules of Bankruptcy Procedure. If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

SAMUEL K. CROCKER
UNITED STATES TRUSTEE, REGION 8


/s/ Lloyd E. Mueller
LLOYD E. MUELLER (Bar #16540)
Trial Attorney for the U.S. Trustee
318 Customs House, 701 Broadway
Nashville, TN 37203
(615) 736-2259; 615-736-2260 (fax)
Lloyd.E.Mueller@usdoj.gov

2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| In re: | ) Case No.: 3:12-03449 |
| | ) |
| MICHAEL ROSS SMITH, | ) Chapter 7 |
| | ) |
| Debtor. | ) Judge Keith M. Lundin |

## U.S. TRUSTEE'S MOTION TO DISMISS DEBTOR'S CASE PURSUANT TO 11 U.S.C. § 707(b)(1) OR, IN THE ALTERNATIVE, WITH DEBTOR'S CONSENT, TO CONVERT TO A CASE UNDER CHAPTER 13

The United States Trustee (the "U.S. Trustee") for Region 8, through the undersigned counsel, hereby moves the Court to dismiss or convert this Chapter 7 case (the "Motion") pursuant to 11 U.S.C. § 707(b)(2) and (b)(3). In support of the Motion, the U.S. Trustee respectfully states as follows:

1. The Court has jurisdiction over this matter under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1) and 28 U.S.C. § 151.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B). The Motion is filed pursuant to 11 U.S.C. § 707(b)(1).

3. Michael Ross Smith (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on April 10, 2012.

4. Jeanne Ann Burton was appointed as Chapter 7 Trustee in this case and continues to serve in that capacity.

5. The Chapter 7 meeting of creditors was conducted on May 16, 2012.

6. The Debtor scheduled $987,100 of general unsecured debt on Schedule F of his

3

bankruptcy petition.

7.     As acknowledged on his petition, the Debtor's obligations are primarily consumer debts.

8.     Section 707(b)(1) of the Bankruptcy Code provides that a bankruptcy court may dismiss a case filed by an individual whose debts are primarily consumer debts, or, with the debtor's consent, convert the case to a case under Chapter 13, if it finds that granting relief would be an abuse of the provisions of Chapter 7.

9.     Pursuant to 11 U.S.C. § 704(b)(1)(a), the U.S. Trustee reviewed the materials filed by the Debtor to determine if a presumption of abuse arose in this case.  On May 23, 2012, the U.S. Trustee filed a Statement of Presumed Abuse (the "10 Day Statement") (Docket No. 18).

10.     This Motion is filed within thirty (30) days of the 10 Day Statement and is therefore timely pursuant to 11 U.S.C. § 704(b)(2).

11.     The Debtor listed monthly income of $10,000, or annual income of $120,000, and a household size of four.  The applicable state median income for a four-person household is $60,909.  The U.S. Trustee reviewed the Debtor's financial records and determined that his monthly income is $11,201, or annual income of $134,412.

12.     Section 707(b)(2)(A)(i)(I) of the Bankruptcy Code provides that a court shall presume abuse exists if a debtor's current monthly income, reduced by allowed deductions and multiplied by 60, is equal to or greater than either: 25 percent of the nonpriority unsecured claims or $7,025, whichever is greater; or $11,725.

13.     After reviewing the Debtor's financial records, the U.S. Trustee determined the

4

Debtor has $2,532 in monthly income (line 50 of Form B22A) which will pay $151,939 or 15 percent of the $987,100 in unsecured debt, over 60 months. The Worksheet prepared by the U.S. Trustee reflecting the abuse determination is attached as Exhibit A and is incorporated by reference.

14. A presumption of abuse arises in this case after application of the provisions of § 707(b)(2) to the facts of this case and the Court should dismiss this case as an abuse of the Chapter 7 provisions pursuant to § 707(b)(1).

15. Even if the Court finds that presumption of abuse under § 707(b)(2) does not arise or is rebutted, § 707(b)(3) permits the Court to use discretion in considering whether a debtor's ability to pay demonstrates abuse under § 707(b)(3). Consideration of the totality of the Debtor's financial situation also supports a finding of abuse under § 707(b)(3).

16. Under § 707(b)(3), a court should consider evidence of a debtor's actual circumstances to determine whether the debtor filed the petition in bad faith, or whether the totality of the debtor's financial situation demonstrates abuse.

17. On Schedule I the Debtor understates his income by $6,201. On Schedule J, the Debtor overstates his expenses by $8,506. After correcting Schedules I and J, the Debtor has $3,925 per month in disposable income, enough to pay $235,500, or 22 percent of the $987,100 in unsecured debt, over 60 months. A copy of the U.S. Trustee's Ability to Pay Worksheet is attached hereto as Exhibit B and is incorporated by reference.

18. As a part of discovery in this matter, the U.S. Trustee may request additional documents from the Debtor. The U.S. Trustee reserves the right to supplement the Motion should it become necessary.

5

WHEREFORE, the U.S. Trustee respectfully requests that, pursuant to § 707(b)(1), the Court dismiss this case with prejudice, or, in the alternative, with the Debtor's consent, convert this case to a case under Chapter 13 of the Bankruptcy Code, and grant such other and further relief as may be just and proper.

Respectfully submitted,

SAMUEL K. CROCKER
UNITED STATES TRUSTEE, REGION 8

/s/ Lloyd E. Mueller
LLOYD E. MUELLER (Bar #16540)
Trial Attorney for the U.S. Trustee
318 Customs House, 701 Broadway
Nashville, TN 37203
(615) 736-2259; 615-736-2260 (fax)
Lloyd.E.Mueller@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that I forwarded a true and correct copy of the foregoing Motion to Dismiss Pursuant to 11 U.S.C. § 707(b)(2) and (b)(3), or, in the Alternative, With Debtors' Consent, to Convert to a Case Under Chapter 13, by prepaid first class mail, and/or electronic notification for registered ECF users, to the parties listed below on June 21, 2012.

**MICHAEL ROSS SMITH**
10 AGINCOURT WAY
BRENTWOOD, TN 37027

**JOSEPH P RUSNAK**
TUNE ENTREKIN & WHITE PC
315 DEADERICK STREET STE 1700
NASHVILLE, TN 37238-1700

**JEANNE ANN BURTON**
Jeanne Ann Burton PLLC
PO Box 90181
NASHVILLE, TN 37209

/s/ Lloyd E. Mueller
LLOYD E. MUELLER

6

# EXHIBIT B



# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

In re:                                  )
                                        )
MICHAEL ROSS SMITH,                     )        Case No. 3:12-03449-7
                                        )
                Debtor.                 )        Judge Keith M. Lundin

### ORDER APPROVING STIPULATION FOR WAIVER
### OF DISCHARGE AND WAIVING THE DEBTOR'S DISCHARGE

This matter is before the Court on the Motion to Approve the Motion to Approve the Waiver of Discharge filed by the United States Trustee.   Notice of the motion was properly served in accordance with Federal Rule of Bankruptcy Procedure 2002 and Local Bankruptcy Rule 9013-1.   The 21-day objection period referenced in the motion has expired.   No responses to the motion have been filed.

The Court has reviewed the motion, stipulation and underlying file, under the facts and circumstances of the case, the Court determines that it is appropriate to approve the stipulation. Accordingly, it is

ORDERED that the Motion to Approve Stipulation for Waiver of Discharge is granted;

FURTHER ORDERED that the discharge of Michael Ross Smith is waived pursuant to

11 U.S.C. § 727(a)(10).

SO ORDERED BY THE COURT.

**This order was signed and entered electronically as indicated at the top of the first page.**

Submitted by:

SAMUEL K. CROCKER
UNITED STATES TRUSTEE

**/s/ Lloyd E. Mueller**

Lloyd E. Mueller (016540)
Trial Attorney
701 Broadway, Room 318
Nashville, Tennessee 37203
(615) 736-2254
(615) 736-2260 *Facsimile*
Lloyd.E.Mueller@usdoj.gov

This is an electronic original.
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

# EXHIBIT C

COPY

# IN THE CHANCERY COURT FOR NASHVILLE,
## DAVIDSON COUNTY, TENNESEE

PAUL ALLEN and )
STEPHEN T. PROCTOR )          *13-C-3755*
**Plaintiffs,** )   Docket No. ~~13-131-II~~
 )   JURY DEMAND
v. )
 )
MICHAEL R. SMITH and )
COURTNEY SMITH )
**Defendants.** )

### VERIFIED COMPLAINT

Plaintiffs, for their cause of action against the Defendants Michael R. Smith (Mr. Smith) and his wife Courtney Smith (Ms. Smith), respectfully state to the Court and Jury the following:

### Parties and Jurisdiction

1.    Plaintiff Paul Allen is a citizen and resident of Davidson County, Tennessee. He resides at 74 Ravenwood Hills Circle, Nashville, Tennessee 37215.

2.    Plaintiff Stephen T. Proctor is a citizen and resident of Davidson County, Tennessee. He resides at 14 Agincourt Way, Brentwood, Tennessee 37207.

3.    Defendant Michael R. Smith is a citizen and resident of Davidson County, Tennessee. He resides at 10 Agincourt Way, Brentwood, Tennessee. He can be served at his residence.

4.    Defendant Courtney Smith is a citizen and resident of Davidson County, Tennessee. She resides at 10 Agincourt Way, Brentwood, Tennessee. She can be served at her residence.

5.     This Court has jurisdiction over this matter under Tenn. Code Ann. §29-12-101 et seq., and it is the proper venue in which it is to be tried.

### Facts

6.     Plaintiff Paul Allen filed a Complaint in the Davidson County Circuit Court against Mr. Smith on January 14, 2011, alleging fraud, promissory fraud, breach of fiduciary duty, and violations of the Tennessee Consumer Protection Act.

7.     Plaintiff Stephen T. Proctor obtained a judgment against Mr. Smith in the amount of $50,000 on January 5, 2012. Discretionary costs and post judgment interest were also awarded to Plaintiff Proctor as part of a final judgment that was never appealed by Mr. Smith.

8.     The trial in the case Plaintiff Paul Allen filed against Mr. Smith was set to be heard on April 12, 2012.

9.     On April 10, 2012, Mr. Smith filed for Chapter 7 Bankruptcy.

10.     In 2012, either immediately prior to his filing for Chapter 7 Bankruptcy or just after having his bankruptcy dismissed, Mr. Smith, in an effort to frustrate, delay, hinder, and defraud creditors removed his name from all of his bank accounts including accounts that were previously in his name and Ms. Smith's name.          .

11.     While Mr. Smith's Chapter 7 Bankruptcy was pending, he committed perjury by providing false testimony under oath to United States Trustee Lloyd Mueller during a Rule 2004 examination. Mr. Smith's perjury concerned testimony related to the amount of income he was receiving.

12.    In an effort to avoid more drastic remedies, Mr. Smith agreed to waive the discharge of all his debts and his bankruptcy was dismissed.

13.    On the day Mr. Smith's bankruptcy was dismissed he entered into an Agreed Judgment with his father who immediately garnished Mr. Smith's wages.

14.    On March 11, 2013, Plaintiffs Proctor and Allen filed suit against Mr. Smith alleging that the Agreed Judgment entered into between Mr. Smith and his father is a fraudulent conveyance. The suit, Docket No. 13-316-II, is currently pending in Chancery Court Part II.

15.    On January 31, 2013, after Mr. Smith's bankruptcy was dismissed, he was deposed in relation to a judgment debt held by creditors other than Plaintiffs Proctor and Allen.

16.    During his January 31, 2013, deposition Mr. Smith testified to the following:

   a.    He took his name off his and Ms. Smith's accounts.

   b.    Ms. Smith is now the only signatory on the Defendants' accounts.

   c.    He does not have any bank accounts.

   d.    His $10,000 monthly salary is deposited in Ms. Smith's accounts.

   e.    All other forms of his income are deposited in Ms. Smith's accounts.

   f.    That Ms. Smith is not employed and does not earn an income.

17.    Ms. Smith has received and is currently receiving funds from Mr. Smith through direct deposits from Mr. Smith's employer and by other means. All deposits into Ms. Smith's accounts made either directly by Mr. Smith or deposits that Mr. Smith has

directed to Ms. Smith's accounts are fraudulent conveyances meant to frustrate, delay, hinder, and defraud Plaintiffs.

18.     Mr. Smith removing his name from the accounts that were previously in his and his wife's name and then depositing and directing funds to be deposited into Ms. Smith's account is part of repeated attempts to frustrate, delay, hinder, and defraud creditors.

19.     Ms. Smith knew that Mr. Smith perjured himself during his bankruptcy, knew that Mr. Smith was trying to avoid valid creditors, and knew that Mr. Smith taking his name off their bank accounts and then depositing his earnings in those same accounts was an attempt to frustrate, delay, hinder, and defraud creditors. Ms. Smith has been complicit in, conspired with, and joined Mr. Smith in his ongoing efforts to fraudulently hinder and defraud Plaintiffs of their just and lawful actions.

### Causes of Action

#### I.     Fraudulent Conveyance

20.     Plaintiffs incorporate all preceding paragraphs herein by reference as if fully set forth here.

21.     All deposits, of any funds earned or held by Mr. Smith,  into Ms. Smith's bank accounts are fraudulent conveyances  contrived of malice, fraud, covin, collusion, with the intent and purpose to delay, hinder, and defraud Plaintiffs of their and lawful actions.

22.     All funds received by Ms. Smith via direct deposit from Mr. Smith's employer or otherwise are funds that are received through fraudulent conveyances meant to frustrate, delay, hinder, and defraud Plaintiffs their just and lawful actions.

23.     All funds received by Ms. Smith via direct deposit from Mr. Smith's employer or otherwise are funds that are received through fraudulent conveyances under Tenn. Code Ann. §66-3-101 *et seq.*, and Tenn. Code Ann. §29-12-101 *et seq.*, and meant to deprive Plaintiffs of their just and lawful actions.

24.     Plaintiffs have suffered damages as result of Defendants' actions and fraudulent conveyances which are intended to frustrate delay, hinder, and defraud Plaintiffs of their just and lawful actions.

## II.     Civil Conspiracy

25.     Plaintiffs incorporate all preceding paragraphs herein by reference as if fully set forth here.

26.     Mr. Smith and Ms. Smith entered into a common design with the intent and purpose to frustrate, delay, hinder, and defraud Plaintiffs of their just and lawful actions.

27.     Mr. Smith and Ms. Smith have acted in concert to accomplish an unlawful purpose, or a lawful purpose by unlawful means, and completed an overt act in furtherance of their effort to frustrate, delay, hinder, and defraud Plaintiffs of their just and lawful actions.

28.     Plaintiffs have suffered damages as a result of Defendants' conspiracy to delay, hinder, and defraud them of their just and lawful actions.

## Relief Requested

Wherefore Plaintiffs demand the following:

1.    That proper process issue and be served upon the Defendants and that the Defendants be required to appear and answer this Complaint within the time required by law;

2.    That all deposits and all funds directed into Ms. Smith's accounts by Mr. Smith since the time he removed his name from the Defendants accounts be deemed fraudulent conveyances;

3.    That a Temporary Restraining Order be entered by the Court enjoining Defendants from removing any funds currently in any of Ms. Smith's bank accounts;

4.    That upon the evidentiary hearing of Plaintiffs' Motion for Temporary Restraining Order a permanent injunction be issued prohibiting Defendants from removing any funds from Ms. Smith's bank account while this matter is pending, or in the alternative, that an attachment be issued on proper application on all funds in Ms. Smith's accounts and that said funds be paid into the Court;

5.    That a judgment equal to the amount of the funds fraudulent conveyed into Ms. Smith's accounts be entered against Ms. Smith;

6.    That the Court exercise all of its powers and duties under Tenn. Code Ann. §29-12-101 *et seq.*, and Tenn. Code Ann. §66-3-101 *et seq.*, including, but not limited to the power to subject all funds received by Ms. Smith from Mr. Smith to the payment of Mr. Smith's debts to Plaintiffs;

7.    That the Plaintiffs be awarded punitive damages and attorney's fees;

8.     That Plaintiffs be awarded pre and post judgment interest;

9.     That the costs of this action be awarded to Plaintiffs; and,

10.    Such further and other general relief to which the Plaintiffs may be entitled.


Respectfully Submitted,

*Tom Walsh*

Tom Walsh #24776
Tom Walsh Law
1000 Pleasant Grove Place
Suite 200
Mt. Juliet, Tennessee 37122

## Oath and Affidavit for Verified Complaint

State of Tennessee    )
                        )
County of _Davidson_  )

Being Duly Sworn the Affiant would state:

1)    I am _Stephen Proctor_ Plaintiff in the above styled case;

2)    I am familiar with the statements in the Complaint; and,

3)    To the best of my knowledge and belief such statements are correct.


Further Affiant Saith Not

_(signature)_

Sworn and subscribed before me on this the _18th_ day of _September_, 2013.

_(signature)_
Notary Public

My Commission expires: _Jan 9, 2016_

_(Notary seal: DIANE NIPPER — STATE OF TENNESSEE NOTARY PUBLIC — DAVIDSON COUNTY)_

## Oath and Affidavit for Verified Complaint

State of Tennessee     )
                              )
County of _Davidson_  )

Being Duly Sworn the Affiant would state:

1)    I am _PAUL ALLEN_ Plaintiff in the above styled case;

2)    I am familiar with the statements in the Complaint; and,

3)    To the best of my knowledge and belief such statements are correct.

Further Affiant Saith Not

_(signature)_

Sworn and subscribed before me on this the _16th_ day of _September_, 2013.

_(signature)_
Notary Public

My Commission expires _Jan. 9, 2016_

IN THE CHANCERY COURT FOR DAVIDSON COUNTY,
NASHVILLE, TENNESSEE

PAUL ALLEN and )
STEPHEN T. PROCTOR )
    Plaintiffs, )
)   Docket No. *13-316-II*
) JURY DEMAND
v. )
)
MICHAEL R. SMITH and )
TERRY W. SMITH )
    Defendants. )

## COMPLAINT

Plaintiffs, for their cause of action against the Defendants, Michael R. Smith and

Terry W. Smith, respectfully state to the Court the following:

### Parties and Jurisdiction

1.    Plaintiff Paul Allen is a citizen and resident of Davidson County,

Tennessee. He resides at 74 Ravenwood Hills Circle, Nashville, Tennessee 37215.

2.    Plaintiff Stephen T. Proctor is a citizen and resident of Davidson County,

Tennessee. He resides at 14 Agincourt Way, Brentwood, Davidson County, Tennessee

37027.

3.    Defendant Michael R. Smith is a citizen and resident of Davidson County,

Tennessee. He resides at 10 Agincourt Way, Brentwood, Davidson County, Tennessee

37027. He can be served through his attorney Joseph P. Rusnak at Tune, Entrekin &

White, P.C. 315 Deaderick Street Suite 1700, Nashville, Tennessee 37238.

4.    Defendant Terry W. Smith is a citizen and resident of Davidson County,

1

FILE COPY

Tennessee. He resides at 9 Agincourt Way, Brentwood, Davidson County, Tennessee 37027. He can be served through his attorneys John H. Roe and Ryan T. Holt at Sherrard & Roe, PLC 150 3rd Avenue South Suite 1100, Nashville, Tennessee 37201.

5.     This Court has jurisdiction over this matter under Tenn. Code Ann. § 29-12-101 *et seq.*, and it is the proper venue in which it is to be tried.

<u>Facts</u>

6.     Plaintiff Paul Allen filed a Complaint against Defendant Michael R. Smith on January 14, 2011, alleging fraud, promissory fraud, breach of fiduciary duty, and violations of the Tennessee Consumer Protection Act.

7.     Plaintiff Steve Proctor obtained a judgment against Michael R. Smith in the amount of $50,000 on January 5, 2012.

8.     The trial in the case Plaintiff Paul Allen filed against Michael R. Smith, Docket Number 11C-2606, was set to be heard on April 12, 2012.

9.     On April 10, 2012, Michael R. Smith filed for Chapter 7 Bankruptcy.

10.     On May 16, 2012, Michael R. Smith testified at the meeting of creditors for his Chapter 7 Bankruptcy.

11.     After Michael R. Smith proffered testimony during the meeting of creditors the United States Trustee, on May 23, 2012, determined Michael R. Smith's Chapter 7 Bankruptcy to be presumed an abuse under 11 U.S.C.§707(b).

12.     On June 21, 2012, the United States Trustee filed a Motion to Dismiss

2

Michael R. Smith's Case for Abuse, or in the Alternative, with Debtor's Consent to Convert Case to Chapter 13.

13. On August 22, 2012, during a Rule 2004 Examination taken in relation to his Chapter 7 Bankruptcy, Michael R. Smith proffered sworn testimony to the United States Trustee.

14. Michael R. Smith's testimony in the August 22, 2012, Rule 2004 Examination was given under oath.

15. During his August 22, 2012, Rule 2004 Examination Michael R. Smith committed perjury by giving false testimony under oath.

16. After Michael R. Smith perjured himself during the Rule 2004 Examination the United States Trustee informed him that the Trustee's office intended to prosecute a complaint to deny him discharge under 11 U.S.C. §727(a)(4).

17. On October 29, 2012, in lieu of having the United States Trustee prosecute a complaint to deny him discharge for knowing and fraudulent acts in relation to his Chapter 7 Bankruptcy case, Michael R. Smith executed a Stipulation for Waiver of Discharge.

18. After Michael R. Smith executed the Stipulation for Waiver of Discharge, Terry W. Smith, Michael R. Smith's father, approached him with the idea of the two of them entering into an agreed judgment.

19. Michael R. Smith agreed to have a judgment entered against him in favor of

3

Terry W. Smith. By entering into an agreed judgment and engaging in collection efforts related to the agreed judgment, Terry W. Smith and Michael R. Smith acted in concert with each other and embarked in a common design to delay, hinder, and defraud Plaintiffs and other judgment creditors of their just and lawful actions.

20.    On November 28, 2012, the same day on which the Bankruptcy Court approved Michael R. Smith's Stipulation for Waiver of Discharge, Terry W. Smith filed a Verified Complaint against Michael R. Smith.

21.    In the Verified Complaint Terry W. Smith sought a judgment in the amount $338,449.53 for unpaid "loans on open account" (Pleadings and filings in Docket Number 12C-4864 attached as Collective Exhibit 1).

22.    Filed contemporaneously with the Verified Complaint was a ledger marked as Exhibit A that purportedly substantiates the $338,449.53 in "loans on open account" from Terry W. Smith to Michael R. Smith.

23.    The ledger marked as Exhibit A and used as the basis for the Agreed Final Judgment is fraudulent, does not substantiate $338,449.53 in "loans on open account," and cannot be used as the basis for a valid judgment.

24.    On December 6, 2012, the same day on which judgment creditors of Michael R. Smith filed a garnishment of his wages, an Agreed Final Judgment was entered in Docket Number 12C-4854 whereby Michael R. Smith agreed to have a judgment entered against him in favor of his father, Terry W. Smith, in the amount of

4

$338,449.53.

25.    On December 6, 2012, an Agreed Order was entered in Docket Number 12C-4854 whereby Michael R. Smith agreed to waive his right of appeal so that his father, Terry W. Smith could execute on the Agreed Final Judgment immediately.

26.    On December 6, 2012, Terry W. Smith filed a garnishment of Michael R. Smith's wages.

27.    Terry W. Smith has received and is currently receiving funds from Michael R. Smith through the garnishment filed on December 6, 2012.

28.    Michael R. Smith has engaged in ongoing efforts to fraudulently hinder and defraud Plaintiffs and other judgment creditors of their just and lawful actions.

29.    Terry W. Smith has been complicit in, conspired with, and joined Michael R. Smith in his ongoing efforts to fraudulently hinder and defraud Plaintiffs and other judgment creditors of their just and lawful actions.

### Cause of Action

#### I.    Fraudulent Conveyance

30.    Plaintiffs incorporate all preceding paragraphs herein by reference as is fully set forth here.

31.    The Final Agreed Judgment entered in Docket Number 12C-4854 was contrived of malice, fraud, covin, and collusion, with the intent and purpose to delay, hinder, and defraud Plaintiffs and other judgment creditors of their just and lawful

5

actions.

32.     The pleadings, filings, and exhibits in Docket Number 12C-4854 including, but not limited to, the Agreed Final Judgment were all contrived of malice, fraud, covin, and collusion, with the intent and purpose to delay, hinder, and defraud Plaintiffs and other judgment creditors of their just and lawful actions.

33.     All funds received by Terry W. Smith from Michael R. Smith in relation to garnishment filed in Docket Number 12C-4854, or otherwise, are aspects of a fraudulent conveyance meant to hinder and defraud Plaintiffs and other judgment creditors of their just and lawful actions.

34.     The pleadings, filings and exhibits in Docket Number 12C-4854 including, but not limited to, the Agreed Final Judgment and the resulting collection efforts are all part of a fraudulent conveyance under Tenn. Code Ann. §66-3-101 *et seq* and Tenn. Code Ann. §29-12-101 *et seq* and meant to deprive Plaintiffs and other judgment creditors of their just and lawful actions.

35.     Plaintiffs have suffered damages as a result of Defendants' fraudulent conveyances which are intended to delay, hinder, and defraud Plaintiffs of their just and lawful actions.

II.     Civil Conspiracy

36.     Plaintiffs incorporate all preceding paragraphs herein by reference as is fully set forth here.

6

37. Terry W. Smith and Michael R. Smith entered into a common design with the intent and purpose to delay, hinder, and defraud Plaintiffs and other creditors of their just and lawful actions.

38. Terry W. Smith and Michael R. Smith have acted in concert to accomplish an unlawful purpose, or a lawful purpose by unlawful means, and completed an overt act in furtherance of their effort to delay, hinder, and defraud Plaintiffs and other creditors of their just and lawful actions.

39. Plaintiffs have suffered damages as a result of Defendants' conspiracy to delay, hinder, and defraud them of their just and lawful actions.

### Relief Requested

Wherefore Plaintiffs demand the following:

1. That proper process issue and be served upon the Defendants and that the Defendants be required to appear and answer this Complaint within the time required by law;

2. That the Judgment entered in Docket Number 12C-4854 be deemed to be a fraudulent conveyance and be set aside;

3. That the Court exercise all of its powers and duties under Tenn. Code Ann. §29-12-101 *et seq* and Tenn. Code Ann. §66-3-101 *et seq* including, but not limited to, the power to subject all funds received by Terry W. Smith from any collection efforts related to Docket Number 12C-4854 to the payment of the Michael R. Smith's debts to Plaintiffs;

4. That the Plaintiffs be awarded punitive damages and attorney fees for

7

the fraudulent acts of the Defendants;

5.    That Plaintiffs be awarded pre and post judgment interest;

6.    That the costs of this action be awarded to the Plaintiffs; and,

7.    Such further and other general relief to which the Plaintiffs may be entitled.

Respectfully Submitted,

M. Thomas Walsh, #24776
Stephen C. Knight, #15514
Nader Baydoun, #3077
Baydoun & Knight, PLLC
Fifth Third Center
424 Church Street, Suite 2650
Nashville, TN 37219-2461
(615) 256-7788

8

IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
AT NASHVILLE

| | |
|---|---|
| TERRY W. SMITH, | ) |
| | ) |
| Plaintiff, | ) Case No. 12C4854 |
| | ) |
| v. | ) |
| | ) |
| MICHAEL R. SMITH, | ) |
| | ) |
| Defendant. | ) |

## AGREED FINAL JUDGMENT

Plaintiff Terry W. Smith, having filed his Verified Complaint, and Defendant Michael R. Smith, waiving the filing of an answer, before taking any testimony or adjudicating any fact or law, do hereby agree and consent to entry of this Agreed Final Judgment.

Defendant is liable to Plaintiff in the amount of $338,449.53 by reason of Plaintiff's unpaid loans on open account to Defendant.

Execution may issue for the satisfaction of this Agreed Final Judgment.

It is so ORDERED this 6th day of December 2012.

_____
Judge

Submitted for entry:

_____
John H. Roe, Jr. (No. 2945)
Ryan T. Holt (No. 30191)
SHERRARD & ROE, PLC
150 3rd Avenue South, Suite 1100
Nashville, Tennessee 37201
(615) 742-4200
(615) 742-4539 (f)

*Counsel for Plaintiff*

608131.1  06522-002

**EXHIBIT**
1

_Joseph P. Rusnak_ w/ permission by RTf

Joseph P. Rusnak
TUNE, ENTREKIN & WHITE, P.C.
Regions Center
315 Deaderick Street, Suite 1700
Nashville, Tennessee 37238
(615) 244-2770
(615) 244-2778 (f)

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of November 2012, a true and correct copy of the foregoing was served via regular mail, postage prepaid, upon:

> Joseph P. Rusnak
> TUNE, ENTREKIN & WHITE, P.C.
> Regions Center
> 315 Deaderick Street, Suite 1700
> Nashville, Tennessee 37238
>
> *Counsel for Defendant*

Ryan T. Holt

IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| TERRY W. SMITH, | ) | 2012 NOV 28 PM 12: 25 |
| Plaintiff, | ) | RICHARD R. ROOKER, CLERK |
| | ) | Case No. 120485 |
| v. | ) | C. Fleming c. |
| | ) | |
| MICHAEL R. SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

## VERIFIED COMPLAINT

Plaintiff Terry W. Smith ("Plaintiff") respectfully submits the following sworn allegations in support of his cause of action against Defendant Michael R. Smith ("Defendant"):

### I. PARTIES

1.     Plaintiff Terry Smith is an individual who resides at 9 Agincourt Way, Brentwood, Tennessee 37027, which is located in Davidson County.

2.     Defendant Michael Smith is an individual who resides at 6 Agincourt Way, Brentwood, Tennessee 37027, which is located in Davidson County.

### II. JURISDICTION AND VENUE

3.     Jurisdiction and venue are proper in this Court because both parties reside in Davidson County and Plaintiff's claim is for an unpaid debt. *See* Tenn. Code Ann. §§ 16-10-101, 16-10-106, 20-4-101.

### III. SWORN FACTUAL ALLEGATIONS

4.     Beginning no earlier than 2007, Plaintiff began lending money to Defendant on open account as set forth in the ledger attached hereto as Exhibit A.

5.     As set forth in Exhibit A, Plaintiff has loaned Defendant $338,449.53 on open account from 2007 to the present time (the "Obligation").

6. The Obligation is due and payable.

## IV. CAUSE OF ACTION

7. Plaintiff therefore asserts this cause of action to collect on the full amount of the Obligation as an unpaid debt on open account that is due and payable.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully asks that the Court:

1. Enter a judgment in favor of Plaintiff in the amount of the Obligation; and

2. Order that execution may issue to satisfy the judgment.

Respectfully submitted,

John M. Roe, Jr. (No. 2945)
Ryan T. Holt (No. 30191)
SHERRARD & ROE, PLC
150 3rd Avenue South, Suite 1100
Nashville, Tennessee 37201
(615) 742-4200
(615) 742-4539 (f)

*Counsel for Plaintiff*

608123.1  06522-002

2

## VERIFICATION

I, Terry W. Smith, hereby verify under oath that the foregoing allegations are true and correct to the best of my knowledge.

_____
Terry W. Smith

STATE OF TENNESSEE   )
                           )
COUNTY OF DAVIDSON  )

SWORN TO and subscribed before me, a Notary Public, on this, the 26th day of _____ November, 2013.

_____
NOTARY PUBLIC

My Commission Expires:

July 6, 2015

## CERTIFICATE OF SERVICE

28 RTH

I HEREBY CERTIFY that on this 27th day of November, 2012, a true and correct copy

of the foregoing was served via e-mail and regular mail, postage prepaid, upon:

Joseph P. Rusnak
TUNE, ENTREKIN & WHITE, P.C.
Regions Center
315 Deaderick Street, Suite 1700
Nashville, Tennessee 37238
(615) 244-2770
(615) 244-2778 (f)

*Counsel for Defendant*

Ryan T. Holt

FILED

2012 NOV 28 PM 12: 25

RICHARD C. ROBERTS, CLERK

MIKE — Loan

Development Act - Loan        $22000   C. Henninger

Home Warr -                    5000

Pop's Acct                     2500       ✓

Front                          2427

Window Seat                    252

Laborer                        1870

2nd Loan                       55000
                              _____
                              146501

Mort. 40000  7/24/06          -45000      —Paid
                              _____
                              106549

10/8/07  Extra 10000 from Tim -
         instead of paying CAM    10 041

11/14/08  Shortage on Home Foreclosure Pmts.
          48891 - 41000        7891.

1/14/08  Shortage on Lawsuit -    10000

12/20/07  Cam for 2007           467

4/11/07  Cam - Gate              6578

4/1/08  Cam for 12/07 - 3/08     103
                              _____
                              142627

4/18/08      Pro From #1 Proceeds  - 57778

             Advance  5/12/08     + 20 050
                              _____
                              104849    Browns

6/12/08   Computer  + 397.43

8/1/08    Pmt  5000 of Advance    -5000        97246

10/1/08   Agincourt CAM           447
          Agincourt Gate          4677          103370

3/18/10   CAM - Home Pmymt       22350 -       124 720 -
2/15/10   HOA - CAM               375 -         121 720
5/9/10    Cam - Home Basmnt       10710.91     133 805.11

| | | Prepared By | |
|---|---|---|---|
| | | Approved By | |

| | | | Amt | Check # | Bal 238,111.37 | | |
|---|---|---|---|---|---|---|---|
| 1 | 2/5/11 | GMAC | 5,722.37 | | 243,833.74 | | |
| 2 | 2/26/11 | GMAC | 5,722.37 | | | | |
| 3 | 3/26/11 | GMAC | 5,722.37 | | | | |
| 4 | 5/1/11 | GMAC | 5,722.37 | | | | |
| 5 | 5/23/11 | GMAC | 5,633.70 | EQ 1170 | | | |
| 6 | 6/23/11 | GMAC | 5,633.70 | EQ 1123 | | | |
| 7 | 8/28/11 | GMAC | 5,633.70 | EQ 1175 | 317,901.95 | | |
| 8 | 9/2/11 | GMAC | 5,633.70 | EQ 1141 | | | |
| 9 | 10/1/11 | GMAC | 5,633.70 | PEQ 101 | | | |
| 10 | | | | | | | |
| 11 | 2/14/12 | TBG | 9,333 — | PEQ 105 | | | |
| 12 | 4/2/12 | Turn, Gebrake & White | 1,080 — | Beach | 309,502.35 | | |
| 13 | 4/5/12 | Mike - Support | 5,500 — | Beg Li | 312,002.35 | | |
| 14 | 4/4/12 | Mike - Common Area | 375 — | Beg Li | | | |
| 15 | 4/1/12 | GMAC | 1,479.99 | PEQ 109 | | | |
| 16 | 5/3 | GMAC | 1,247.90 | PEQ 110 | | | |
| 17 | 7/4 | T. Smith - Common Area | 395 — | Beg ch 4437 | 335,449.973 | | |
| 18 | 8/5 | Turn, Entriken & White | 3,000 — | Beg ch 4445 | 338,449.73 | | |
| 19 | | | | | | | |
| 20 | | | | | | | |

# IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
## AT NASHVILLE

TERRY W. SMITH,

    Plaintiff,

v.

MICHAEL R. SMITH,

    Defendant.

)
)
)    Case No. 12-C-4854
)
)
)
)
)
)

---

## AGREED ORDER

---

Plaintiff Terry W. Smith and Defendant Michael R. Smith, having reached an agreement whereby the Court entered an Agreed Final Judgment on the date of _12. 6. 12_ , do hereby agree and consent to the entry of this Agreed Order in furtherance of their agreement.

Defendant waives his right to appeal from the Agreed Final Judgment. Consequently, execution on the Agreed Final Judgment may issue as of the date set forth below, rather than requiring a wait of thirty days for Defendants' appeals period to expire.

It is so ORDERED this 6th day of December, 2012.

                                                  Judge

Submitted for entry:

John H. Roe, Jr. (No. 2945)
Ryan T. Holt (No. 30191)
SHERRARD & ROE, PLC
150 3rd Avenue South, Suite 1100
Nashville, Tennessee 37201
(615) 742-4200
(615) 742-4539 (f)

*Counsel for Plaintiff*

603977.1  06522-002

_Joseph P. Rusnak_ w/ permission by RNt

Joseph P. Rusnak
TUNE, ENTREKIN & WHITE, P.C.
Regions Center
315 Deaderick Street, Suite 1700
Nashville, Tennessee 37238
(615) 244-2770
(615) 244-2778 (f)

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of November 2012, a true and correct copy of the foregoing was served via regular mail, postage prepaid, upon:

Joseph P. Rusnak
TUNE, ENTREKIN & WHITE, P.C.
Regions Center
315 Deaderick Street, Suite 1700
Nashville, Tennessee 37238

*Counsel for Defendant*

Ryan T. Holt